FILED

JAN 0 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROB JOSEPH SIMMONS,

    Plaintiff,

vs.

BELMONT POLICE DEPT., et al.,

    Defendants.

No. C 12-01716 EJD (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, a county jail inmate, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. On July 25, 2012, the Court dismissed the complaint with leave to amend. (Docket No. 7.) Plaintiff has filed an amended complaint. (Docket No. 8.)

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state

a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

In the original complaint, Plaintiff claimed that his First Amendment right of freedom of religion had been violated and he sought an "unconditional injunction" to exempt him from "all marijuana related laws." (Docket No. 1 at 6.) In the instant amended complaint, Plaintiff states that he was illegally arrested due to his involvement with the Tree of Life Church and the Rastafarian Cannabis Ministry. Plaintiff states he was found not guilty but still sent to prison. Plaintiff seeks money damages from the Belmont Police Department due to the illegal prosecution. Plaintiff also includes a dozen inmate grievances from the county jail describing different complaints surrounding the conditions of his confinement.

Plaintiff is again advised that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff must identify defendants by name and state how each individual defendant violated a specific federal right. If Plaintiff wishes to challenge his conviction he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Moreover, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove

Order of Dismissal with Leave to Amend
01716Simmons_dwlta2.wpd

2

that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Thus, Plaintiff must demonstrate his conviction was reversed, expunged or declared invalid before he can seek money damages.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-01716 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 1/7/13

EDWARD J. DAVILA
United States District Judge

Order of Dismissal with Leave to Amend
01716Simmons_dwlta2.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROB JOSEPH SIMMONS,

    Plaintiff,

v.

BELMONT POLICE DEPT., et al.,

    Defendants.

Case Number CV 12-01716 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on \_\_\_\_\_1/08/13\_\_\_\_\_, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Rob Joseph Simmons**
11401 South Bloomfield Avenue
Suite 405
Norwalk, CA 90650

DATED: \_\_\_1/08/13\_\_\_

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk